UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARRAL PERKINS,

    Plaintiff,

                                          Case No. 13-cv-13617
                                          HON. GERSHWIN A. DRAIN

v.

AARGON AGENCY, INC.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#5]

**I.  INTRODUCTION**

On July 25, 2013, Plaintiff, Jarral Perkins ("Perkins"), filed the instant claim in state court, alleging Defendant, Aargon Agency, Inc. ("Aargon"), violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Aargon removed the action to this Court on August 22, 2013. *See* Dkt. No. 1. Presently before the Court is Aargon's Motion to Dismiss [#5], filed on September 5, 2013. Based on the facts below, this Court GRANTS WITH PREJUDICE Aargon's Motion.

**II.  FACTUAL BACKGROUND**

Perkins originally filed the instant case *pro se* in the civil small claims division of the 18th District Court, City of Westland, Wayne County, Michigan, on July 25, 2013. Perkins' Complaint is very brief and provides limited details in relation to his claim. Perkins simply argues that he was "not given a proper and full investigation according to

1

the FCRA" and that "[t]here were many inaccuracies on [his] credit report." Additionally, Perkins maintains that Aargon is responsible for $500.00 in actual damages under the FCRA, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and statutory damages pursuant to FDCPA. No further information relating to the background of the claims is provided.

On August 22, 2013, Aargon removed the instant case to this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1441 *et. seq.*, and 28 U.S.C. 1446, based on the presence of a federal question under 28 U.S.C. § 1331.

## III.   LEGAL ANALYSIS

### A.   Standard of Review

FED. R. CIV. P. 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. "FED. R. CIV. P. 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ...claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The Court must accept all factual allegations in the pleadings as true. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). In deciding a

motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), a court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which the [court] may take judicial notice." 2 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

However, federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Under the liberal construction afforded to *pro se* complaints, the complaints are still required to meet basic pleading essentials, *Wells v. Brown*, 891 F.2d 591, 594 (1989), and where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal. *See Gilmore v. Corr. Corp. of Am.*, 92 F. A'ppx 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.") (citing *Flagg v. Brooks*, 436 U.S. 149, 155-57 (1978)).

### B. Complaint Deficiencies

Aargon accurately identifies numerous deficiencies in Perkins' Complaint, which it alleges contains no factual allegations concerning Aargon's conduct. To survive a FED. R. CIV. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, would state a claim for relief that is plausible on its face. *Ascroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While the complaint does not need to include detailed factual allegations, Aargon argues that Perkins' Complaint insufficiently only contains unadorned conclusions that Aargon "violated" the FCRA and is responsible for damages there under, as well as for damages under the FDCPA and TCPA. Perkins provides no information as to how Aargon violated or is responsible for

damages under any of the three statues.

The FCRA includes specific requirements not mentioned in Perkins' Complaint. To show a violation of the FCRA, the plaintiff must allege that the defendant is a "consumer reporting agency," it creates "consumer report[s]," or that it "regularly engages in...assembling or evaluating consumer credit information, or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). Perkins' Complaint simply alleges that he "was not given a proper and full investigation" and that "[t]here were many inaccuracies on [Perkins'] credit reports." No grounds for relief are listed.

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and requires that to prevail, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000). Perkins' Complaint does not allege that Aargon violated the FDCPA, but merely claims Aargon is responsible for damages pursuant to the statue.

The TCPA regulates the use of automated telephone equipment or "autodialers," and specifically prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(ii). Perkins fails to make a single factual allegation to support a claim that Aargon violated the TCPA.

While there are clear deficiencies in Perkins' Complaint, Aargon's argument, fails

4

to recognize that the Complaint should be considered on the "less stringent standard" awarded to *pro se* litigants, and therefore holds Perkins Complaint to a higher standard than is appropriate. *Haines,* 404 U.S. at 519.

### C. FCRA Claim Viability

Aargon maintains that even if Perkins' allegations are considered under the FCRA, the claim would fail as a matter of law. The FCRA places obligations on consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782 (W.D Ky. 2003). Even assuming that Perkins' Complaint claims that Aargon is a furnisher of information to credit reporting agencies, Aargon argues that Perkins cannot enforce any such claim against it because 15 U.S.C. § 1681s-2(a) of the FCRA explicitly bars private suits. *See* 15 U.S.C. § 1681s-2(d) (a violation of 15 U.S.C. § 1681s-2(a) shall be enforced exclusively by certain federal agencies and federal and state officials).

The Sixth Circuit has further held that there is no private right of action under 15 U.S.C. § 1681s-2(b), which regulates the duties imposed on a furnisher of credit information to a Consumer Reporting Agency ("CRA"). *See e.g., Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999) (only a CRA can bring a 15 U.S.C. § 1681s-2(b) claim). Aargon maintains that even if the Court were to permit a private cause of action to be brought under 15 U.S.C. § 1681s-2(a) or § 1681s-2(b), Perkins' Complaint fails to allege a proper cause of action.

### IV. CONCLUSION

On December 9, 2014, at 11:00 a.m., the Court was prepared to conduct a hearing on this matter, however Perkins never appeared. The Court waited for Perkins

for 35 minutes and attempted to contact him to no avail. Perkins has filed no responsive pleadings at this time. Given the current inadequacies of Plaintiff's Complaint and the circumstances of the scheduled hearing, this Court GRANTS WITH PREJUDICE Defendant's Motion to Dismiss [#5].

SO ORDERED.

Dated: December 10, 2013            /s/ Gershwin A. Drain
                                    GERSHWIN A. DRAIN
                                    UNITED STATES DISTRICT JUDGE